99 So.2d 225 (1957)
Mima KEEL, Appellant,
v.
The INDEPENDENT LIFE AND ACCIDENT INSURANCE COMPANY, Appellee.
Supreme Court of Florida.
December 20, 1957.
*226 Harry M. Hobbs, Tampa, for appellant.
Feinberg & Sparkman, Tampa, for appellee.
THORNAL, Justice.
Appellant Keel, who was plaintiff below, seeks reversal of an order of the trial judge dismissing with prejudice her complaint in an action on a life insurance policy.
The determining point is whether the appellee insurance company through its agent waived the necessity for filing proof of loss as required by a provision of the policy.
Appellant as beneficiary under an accidental death policy on the life of Lonnie Leslie Keel sued the appellee insurance company for its alleged failure to pay her claim. The complaint alleges that the policy contained the following provision:
"Upon receipt of satisfactory proof to the Company at its Home Office that while this policy was in full force and effect, that the insured, during the premium paying period of the policy, has sustained bodily injury resulting in death within ninety (90) days thereafter through external, violent and accidental means, of which, except in case of drowning or of internal injuries where revealed by an autopsy, there is a visible contusion or wound, on the exterior of the body, death being the direct result thereof, and independent of all other cause, then upon surrender of this policy, the sum stipulated herein becomes payable to the beneficiary, appearing as such upon the records at the company's Home Office."
Among other allegations the plaintiff also alleged in substance that she had filed a proof of loss on a separate "ordinary life" insurance policy. In order to meet the requirement of alleging compliance with the above quoted provision of the accidental death policy plaintiff alleged in her amended complaint the following:
"* * * that the said T.P. McIntyre, on behalf of defendant company denied liability on the insurance policy herein sued on and advised plaintiff that there would be no advantage in filing `Proof of Loss' on said insurance policy; that defendant, although plaintiff has made demand upon it for the payment of said insurance policy herein sued on or for the surrender of same, has failed and refused payment and/or delivery of said policy back to plaintiff."
The T.P. McIntyre mentioned in the last quotation was alleged to be an authorized agent of the defendant company. The appellee insurance company moved to dismiss the complaint asserting as one ground for the motion that the appellant beneficiary had failed to allege compliance with the "proof of loss provision" of the insurance policy. The trial judge agreed with the appellee and sustained its motion to dismiss the complaint with prejudice. Reversal of this order is now sought.
It is the contention of the appellant that the allegations of the complaint were sufficient as a pleading to show a waiver of the necessity for filing a formal proof of loss.
The appellee contends that the complaint fails to allege a binding waiver.
*227 As we proceed to a conclusion we should bear in mind that we are considering the matter on the complaint and the motion to dismiss. At this stage of the proceeding the allegations of the complaint which are well pleaded must be deemed to be admitted by the defendant appellee. According to the complaint the appellant beneficiary advised the agent of the company of the circumstances surrounding the death of the insured and filed a proof of loss on the separate ordinary life insurance policy. At the same time the agent of the company denied any liability on the accidental death policy and advised the appellant that it would be of no advantage to her to file a proof of loss under that policy. The rule seems to have been well settled that when an insurer denies liability during the period prescribed for the presentation of proof of loss on grounds not relating to the proof of loss, such denial will ordinarily be considered as a waiver of the provisions of the policy requiring the filing of a proof of loss. The reason for the rule is simply that the law will not require the doing of a useless thing. When the insurer denies in advance that it has any liability under the policy coverage, the formal filing of a proof of loss becomes, in the eyes of the law, a useless and unnecessary thing that would accomplish nothing. 29 Am.Jur., Insurance, Secs. 1143-1145, pp. 859-862.
This court has announced the same rule in Mutual Ben. Health & Accident Ass'n v. Bunting, 133 Fla. 646, 183 So. 321. The appellee here undertakes to distinguish the case last cited on the basis of the fact that there the insured furnished certain preliminary notices and reports. We do not think the factual difference between the two cases is sufficient to justify any different application of the rule of law. We there expressly held that where denial of liability is based upon grounds other than failure to furnish a notice or proof of loss, such denial is tantamount to a waiver of the policy requirements. We have announced the identical rule in numerous cases involving fire and casualty insurance policies. So far as the basic rule is concerned we see no real distinction between those cases and a case involving an accidental death policy such as the one at bar. See Taylor v. Glens Falls Ins. Co., 44 Fla. 273, 32 So. 887; Indian River State Bank v. Hartford Fire Ins. Co., 46 Fla. 283, 35 So. 228; Aetna Ins. Co. v. Holmes, 59 Fla. 116, 52 So. 801; Price v. Southern Home Ins. Co. of the Carolinas, 100 Fla. 338, 129 So. 748; Guarantee Mut. Fire Ins. Co. v. Jacobs, Fla. 1952, 57 So.2d 845.
While our judgment here cannot be considered as any determination of the ultimate rights of the parties when the merits of the cause are considered on all of the facts, nevertheless, it is our view that the appellant sufficiently alleged in her complaint a waiver of the policy requirement with reference to furnishing proof of loss.
The order dismissing the complaint with prejudice is reversed and the cause is remanded for further proceedings consistent herewith.
TERRELL, C.J., and THOMAS, ROBERTS and O'CONNELL, JJ., concur.