CROSS, Chief Judge
(dissenting).
I must respectfully dissent.
The majority opinion is an extremely labored one. The majority would adhere to a rule that once a loss has been sustained, the right of the mortgagee is vested and is no longer subject to defeat by the act of the insured-mortgagor. The better viewpoint, and one to which I find myself impelled to adhere, is that since in a simple loss payable open mortgage clause the mortgagee is only an appointee to receive the insurance fund to the extent of his interest, his right of recovery is no greater than the right of the insured-mortgagor so that a breach of the conditions of the policy by the insured-mortgagor, which would prevent a recovery by him, precludes recovery from the insurer by the mortgagee. II Couch on Insurance 2d, § 42:671, and cases cited thereunder; 5 Appleman, Insurance Law and Practice, § 3401; 45 C.J.S. Insurance § 545.
I am of the conviction that the better reasoning is that after the occurrence of a loss, the mortgagee’s right does not vest where the conditions precedent to liability under the policy have not been satisfied. Alton v. American Ins. Co. of Newark, N. J., 1932, 260 Ill.App. 209; II Couch on Insurance 2d, § 42:678. The policy under which recovery is sought contains the following conditions:
“1. Insured’s duty when loss occurs: When loss occurs, the insured shall * * *
“(b) give notice thereof as soon as practicable to the company • * * *
“(c) file proof of loss with the company within sixty days after the occurrence of the loss unless such time is is extended in writing by the company in the form of a sworn statement of the insured setting forth the interest of the insured and all others in the property affected, any encumbrances thereon, the actual cash value thereof at the time of loss, the amount, place, time and cause of such loss, the amount of rental or other expense for which reimbursement is provided under this policy, together with original receipts therefor and the description and amounts of all other insurance covering such property * * (Emphasis added.)
This court has on a prior occasion in Bass v. Aetna Casualty & Surety Company, Fla.App.1967, 199 So.2d 790, in an opinion written by the same judge who writes the majority opinion, stated:
“Thus the Florida position on lack of notice cases is that prejudice to the insurer is presumed with the burden upon the one seeking to impose liability to show that no prejudice did result, and it would seem to be the better view. The insurance company is not faced with the considerable burden of showing that prejudice did in fact occur as a result of the insured’s failure to give notice, yet the insured is not denied recovery when his failure to give notice is demonstrably immaterial.”
In the instant case, the vehicle was wrecked by the insured, Charles Lee Ross, on September 2, 1966. The insured never notified the company, and in fact the mortgagee never notified the company. The *305 company was notified by Cadillac-Continental, Inc., and then that notification came ten months after the loss occurred. The mortgagee has not even attempted to show the immateriality of failure to give notice. It apparently considers itself <n some exalted position notwithstanding it has no higher right than that of the insured.
Neither the insured nor the mortgagee filed proof of loss required by the insurance contract. The majority lightly dismisses this on the basis that they feel it is not necessary for the bank to file proof of loss, since the claim had already been denied because of a delay in notification. The majority cites Keel v. Independent Life and Accident Insurance Company, Fla.1957, 99 So.2d 225, as authority for this “theory.” Keel v. Independent Life concerned itself with whether a complaint contained sufficient allegations to show a waiver of the necessity for filing a formal proof of loss. In the Keel case, the complaint alleged that the beneficiary advised the agent of the insurance company of the circumstances surrounding the death of the insured and filed a proof of loss on a separate ordinary life insurance policy. At the same time the agent of the company denied any liability on an accidental death policy and advised the beneficiary that it would be of no advantage to her to file a proof of loss under that policy. The court in Keel states that the rule seems to have been well settled that when an insurer denies liability during the period prescribed for the presentation of a proof of loss on grounds not relating to the proof of loss, such denial would ordinarily be considered as a waiver of the provisions of the policy requiring the filing of a proof of loss.
The facts in the instant case are so far removed from the facts in Keel that any similarity between them is akin to the similarity of a tiger and an alleycat. It seems almost trite to point out the differences. Certainly the insurer here did not deny liability during the period prescribed for the presentation of proof of loss. Proof of loss was to be submitted to the company within sixty days after the occurrence of the loss. The company did not deny liability during that period. It only denied liability after a 10-month period of time had passed since the occurrence of the loss, sans notice and proof of loss submitted by eithér the insured-mortgagor or the mortgagee.
I would reverse.