294 So.2d 362 (1974)
HARTFORD ACCIDENT AND INDEMNITY COMPANY, a corporation, Appellant,
v.
Norwood M. PHELPS, and Minnie Louise Phelps, His Wife, Appellees.
No. U-164.
District Court of Appeal of Florida, First District.
May 21, 1974.
Delbridge L. Gibbs, of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellant.
Raymond E. Watson, of Webb, Swain & Watson, Jacksonville, for appellees.
McCORD, Judge.
This is an appeal from a final judgment of the Circuit Court of Duval County entered *363 in appellee's (plaintiffs') favor following a summary judgment in their favor in a suit brought by them on an insurance policy issued by appellant (defendant) covering appellees' home. The home suffered damage resulting from an underground leak in a water pipe under the house beneath the concrete slab floor. The leak washed out a hole causing damage and upon the water being pumped from beneath the house in repairing it, the house settled causing additional damage.
The insurance policy was a home owner's "all-risks" policy which covered the dwelling and its appurtenances "against all risks of physical loss to the property covered." The policy also covers "accidental discharge, leakage or overflow of water or steam from within a plumbing, heating or air conditioning system..." It further provides, "If loss by water not otherwise excluded ensues, this policy shall also cover the cost of tearing out and replacing any part of the building covered required to effect repairs to the plumbing, heating, or air conditioning system ..."
Appellant denied liability because of an exclusion of coverage for damage from "water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through windows, driveways, foundations, walls, basement or other floors or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls, or floors." Appellant also contends that the policy does not cover the damage sustained by appellee because under the heading "Perils Insured Against," the policy provides as follows:
"13. Collapse of buildings or any part thereof, but collapse does not include settling, cracking, shrinkage, bulging or expansion."
In addition, appellant contends that even if the loss is found to be compensable under the policy, appellees are barred from recovery because they failed to give appellant proper notice of loss and furnish proof of loss as required by the policy.
As to the first point, it is our view that the pipe which developed the leak was within and a part of the plumbing system of the house although it was buried in the ground below the house. Thus, we must reconcile the two provisions of this "all-risks" policy  one which covers damage from leaking of water within the plumbing system and the other which excludes damage from water below the surface of the ground.
From the previously quoted wording of the policy, we consider that the underground water exclusion does not have reference to leaks within the plumbing system of the house. Having specifically covered plumbing system leaks, the insurer, if it had intended to exclude underground leaks in the plumbing system, would or should have specifically said so. The general rule as quoted from Roach v. Churchman, 431 F.2d 849 (8th Cir.1970), in King v. Travelers Insurance Company, 84 N.M. 550, 505 P.2d 1226 (1973) is as follows:
"* * * [E]xceptions, limitations and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations upon that coverage in clear and explicit terms. * * *"
When we consider the terminology used in the exclusion clause in pari materia with the affirmative statement of coverage from leaks in the plumbing system, we conclude that the exclusion was intended to relate only to damage from water not emanating from the plumbing system.
In King v. Travelers Insurance Company, supra, the Supreme Court of New Mexico considered a case quite similar to the case sub judice. The insurance policy there under consideration afforded identical coverage with the policy here involved and the damage resulted from a leak in the *364 plumbing system within the foundation boundaries of the house, as is the case here. Also as here, the leak was underneath a concrete floor slab and the insurer claimed that the loss was excluded under an identical exclusion provision for underground water. The court there said:
"... the contract must be construed, whenever possible, to give effect to both provisions of the policy, that is, the insuring clause and the excepting clause.
It is not unreasonable to assume that the loss or damage intended to be excepted by the words `water below the surface of the ground' was like the other losses as would result from causes having no connection with the `plumbing system.'
* * * * * *
This, of course, is counter to Appellee's argument that `in order for there to be coverage, the damage would have had to result from water that was not below the surface.' However, Appellee ignores the fact that a great part of many plumbing systems, by necessity, are installed below the ground. Presumably, if an insurer desired to exclude from coverage that part of the plumbing system which is below the surface of the ground after specifically insuring the overall plumbing system, it could have done so.
* * * * * *
Thus, the fact that there was water damage due to a break in the plumbing system, which is specifically covered, is no less worthy of coverage simply because a part of that plumbing system was beneath the ground. The terms of the policy should be construed in their plain, ordinary and usual sense."
Exceptions to coverage in an insurance policy are strictly construed against the insurer and any doubt or ambiguity is resolved in favor of the insured. See Sabella v. Wisler, 59 Cal.2d 21, 27 Cal. Rptr. 689, 377 P.2d 889 and World Fire and Marine Insurance Company v. Carolina Mills Distributing Co., 8 Cir., 169 F.2d 826. See also Harris v. Carolina Insurance Company, Fla., 233 So.2d 833; Continental Casualty Insurance Co. v. Gold, Fla., 194 So.2d 272 and Sapp v. LaViolette, Fla.App., 258 So.2d 507 (1st DCA) for the proposition that ambiguities in policy provisions are construed in favor of the insured.
As to the next point, the settling of the house when the water was pumped from beneath it resulted from the leak in the plumbing system, the latter being the proximate and efficient cause of the loss. The house did not settle from a cause not covered by the terms of the policy, but the settling resulted as a foresaid, from the leak in the plumbing system which was specifically covered. In Sabella v. Wisler, supra, a case similar to the case sub judice on this point, the court quoted from 6 Couch, Insurance (1930), § 1466, as follows:
"[I]n determining whether a loss is within an exception in a policy, where there is a concurrence of different causes, the efficient cause  the one that sets others in motion  is the cause to which the loss is to be attributed, though the other causes may follow it, and operate more immediately in producing the disaster."
It is our view that the exception as to settling, cracking, etc., is not applicable to the factual situation in this case.
As to appellant's last point, it is contended that appellees' failure to give immediate written notice to appellant of the loss until after the damage had been repaired deprived appellant of its right to inspect the damaged property and take such other action as it was entitled to take with respect to the protection and repair; rebuilding or replacement thereof, and to appraise and adjust said damages as contemplated by the terms of the insurance policy. Appellant also points out that appellee failed to furnish proof of loss as required by the terms of the policy.
*365 Failure of compliance with the notice requirements of the policy is not always fatal to recovery. It hinges upon whether or not the insured can demonstrate that the insurer has not been prejudiced thereby. See Tiedtke v. Fidelity and Casualty Company of New York, Fla., 222 So.2d 206. While prejudice to the insurer is presumed in delayed notice cases, it can be rebutted by showing that no prejudice has resulted to the insurer. Prejudice is more readily apparent in a case involving tort law where inability of the insurer to promptly discover and interview potential witnesses or keep track of a party's injuries or losses might more clearly prejudice defense of later action. Here, however, the case involves a property loss in which the primary controversy is the legal import of the policy provisions. Here the insurer had denied liability on the basis of the policy provisions previously discussed. We cannot conceive that appellant would not have also denied liability on these same grounds had the notice been timely. In such event, appellant would certainly not have availed itself of its aforesaid rights under the policy to inspect and supervise repair.
There has been no dispute that the damage to appellee occurred nor was the reasonableness of the services required to be performed questioned. Appellees gave positive evidence of their loss and the circumstances thereof. Appellees explained that their failure to give notice and file proof of loss resulted from lack of knowledge of possible coverage of the loss. They were alerted to this possibility by their plumber upon his completion of the work. They then immediately contacted appellant's insurance agent who advised that in his opinion the loss was covered, but later appellant denied coverage. Where lack of prejudice is demonstrated, mere speculation that prejudice may exist as a result of late notice will not suffice to relieve an insurer of its liability. See Swiss National Ins. Co. v. Martorella, Fla.App., 239 So.2d 144 (4th DCA). We agree with the trial court that appellees have carried the burden of rebutting the presumption of prejudice by providing evidence which has not been disputed as to the circumstances of the loss and as to the required and necessary repairs resulting from the loss.
In addition to the law as to prejudice or the lack thereof, an insurer, by unconditionally denying any liability upon its policy, waives proof of loss required by the policy. See Taylor v. Glens Falls Ins. Co., 44 Fla. 273, 32 So. 887; Balogh v. Jewelers Mutual Insurance Co., 167 F. Supp. 763 (S.D.Fla.).
Affirmed and remanded to the trial court with directions to fix a reasonable attorney's fee for appellees' attorney for representation of appellees on his appeal and to order payment of such fee by appellant.
SPECTOR, Acting C.J., and BOYER, J., concur.