ON MOTION FOR REHEARING

KLEIN, J.
After we affirmed this ease without opinion, appellant filed a motion for rehearing stating:
The present case was orally argued after being fully briefed. A PCA without opinion was issued and appellant seeks rehearing, respectfully suggesting that the Court has overlooked or failed to consider that Florida compelling case law holds directly contrary to the rulings below and by this Court. This case law includes Hartford, Accident & Indemnity Co. v. Phelps, 294 So.2d 362 (Fla. 1st DCA 1974); Keel v. Independent Life & Accident Insurance Co., 99 So.2d 225 (Fla.1957) and the numerous other similar cases cited in the Appellant’s briefs. Thus, if this court were to write an opinion affirming this case, that opinion by an unavoidable holding, would conflict with both Hartford and Keel. Such opinion would thus provide a legitimate basis for Supreme Court review based upon conflict.
The undersigned counsel thus formally certifies and expresses a belief, based on a reasoned and studied professional judgment, that a written opinion will provide a legitimate basis for Supreme Court review because such an opinion will create a conflict among the District Courts and the Supreme Court will be likely to grant review of this Court’s opinion to resolve such conflict. Counsel’s signature below attests to this judgment.
The facts of Hartford Accident and the instant case are grossly similar, so much so that this Court’s affirmation of the trial court’s ruling presents an inescapable conflict.
Although we made it perfectly clear at oral argument that this case and the cited cases are distinguishable, we are now writing this opinion in order to respond to appellants’ implication that we are sweeping this case under the rug.
In August, 1992, the appellant insureds purchased a sixty-eight-year-old residence in Palm Beach for $575,000, intending to renovate it extensively. They obtained a homeowner’s insurance policy from appel-lee. After closing they discovered substantial termite damage, and in 1993, they sued the person who had sold them the property, as well as the realtors, alleging the defendants were aware of the termite damage and failed to disclose it. They spent $760,000 renovating the home.
In 1995, approximately three years after the insureds discovered the termite damage, and long after the repairs were completed, they first put the insurer on notice that they were making a claim under their homeowner’s policy, describing the problem as termite damage, decay and settlement, all of which are excluded under the policy. The insurer denied the claim. The insureds then filed this lawsuit alleging coverage because the house was in danger of collapsing from the termite damage. Although collapse is covered, the jury found that the insurer was prejudiced by the late notice.
Appellants’ argument on appeal is that the insurers’ denial of coverage constituted a waiver of the right to assert prejudice because of late notice. The insured’s position is that the insurer is liable as a matter of law, under coverage for collapse, even though notice of the claim was not given until all repairs had been completed, the insurer put on evidence of prejudice, and the jury found that the insurer was prejudiced.
The case which the insureds’ counsel in his motion for rehearing says is so “grossly similar” as to present “an inescapable conflict” is Hartford Accident Indemnity v. Phelps, 294 So.2d 362 (Fla. 1st DCA 1974). In that case the trial court granted the insured’s motion for summary judg *938 ment and found coverage because: (1) the insurer presented no evidence that it was prejudiced by not receiving written notice of the loss until after a plumbing leak was repaired; (2) the insurer was not contesting the fact that the loss had occurred; and (3) the insurer was not contesting that the repairs were necessary or reasonable. Phelps and the present case are clearly distinguishable, as none of the above factors exist in this case. Keel v. Independent Life and Accident Insurance Co., 99 So.2d 225 (Fla.1957), also cited for conflict, is even more dissimilar.
The motion for rehearing is denied.
POLEN and HAZOURI, JJ., concur.