[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12359

_____

D. C. Docket No. 06-00439-CV-4-SPM-WCS

EMPIRE INDEMNITY INSURANCE COMPANY,

Plaintiff-Appellant,

versus

ASHLEY WINSETT,
LINDSAY CARR,
CHRISTINA HARRIS,
MORGAN LYNCH,
ADAM LYNCH, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 4, 2009)

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

The Preserve at San Luis, LLC and The Housing Trust Group of Florida, LLC ("Preserve") were sued by Ashley Winsett and fifty-five other tenants ("Renters") who rented apartments at The Preserves in Tallahassee, Florida. The Renters alleged, among other things, that the Preserve's failure to build a vapor barrier was both the direct and proximate cause of their mold-related damages and injuries. That lawsuit has been settled.

What has not been settled, however, is the insurance coverage dispute between Preserve and its insurance provider, Empire Indemnity Insurance Company ("Empire"). Before the Renters' lawsuit against Preserve was settled, Empire sought a declaratory judgment that it did not owe a duty to defend and indemnify Preserve. Empire asserted, among other things, that the insurance policy that it issued to Preserve excluded coverage for the Renters' mold claims.

Empire appeals the district court's grant of summary judgment declaring that Empire has a duty to defend and indemnify. It also appeals the court's declaration that Empire is liable for attorneys' fees. For the reasons below, we reverse the grant of summary judgment; vacate the declaration regarding attorneys' fees; and remand for further proceedings.

## STANDARD OF REVIEW

2

We review *de novo* the district court's grant of summary judgment. *Lime Tree Vill. Cmty. Club Ass'n v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "The interpretation of an insurance contract is also a matter of law subject to *de novo* review." *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1515 (11th Cir. 1997) (per curiam).

## DISCUSSION

This is a diversity case in which Florida insurance law applies. We first discuss the Renters' mold claim. Then we briefly address the defenses raised by Empire that the district court did not reach. Finally, we address attorneys' fees.

### A. Renters' Mold Claim

Empire's general liability insurance policy contained a mold provision excluding coverage for the following:

> a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or

damage.

b.    Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any insured or by any other person.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for consumption.

(Dist. Ct. Doc. 54-2).

Empire argues that the district court erred twice, first, by applying Florida's efficient proximate cause doctrine to the policy and, second, by disregarding the policy's plain language against applying the doctrine and rendering the mold exclusion meaningless. Preserve responds that the doctrine applies. It argues that the district court properly found that the mold, the allegedly excluded cause, is dependent on the negligent failure to construct a vapor barrier, a covered cause. Preserve argues that because the negligent failure to construct a vapor barrier caused the mold, Empire has a duty to defend and indemnify.

Preserve's argument accurately illustrates how the efficient proximate cause doctrine works in Florida. The efficient proximate cause is "the one that sets others in motion." *Hartford Accident & Indem. Co. v. Phelps*, 294 So. 2d 362, 364 (Fla. 1st Dist. Ct. App. 1974). If the efficient proximate cause is covered, then the

4

claim for damages will be covered even if the other causes are not covered. *See id.*

But "the efficient cause doctrine cannot be incorporated into an insurance policy if doing so would render part of the policy meaningless." *Arawak Aviation, Inc. v. Indem. Ins. Co. of N. Am.*, 285 F.3d 954, 958 (11th Cir. 2002). Under Florida law, "insurance contracts must be construed in accordance with the plain language of the policy." *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So. 2d 161, 165 (Fla. 2003). "[I]f a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005).

However, "[i]f the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and [] another limiting coverage, the insurance policy is considered ambiguous." *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000). "Exceptions to coverage in an insurance policy are strictly construed against the insurer and any doubt or ambiguity is resolved in favor of the insured." *Hartford*, 294 So. 2d at 364.

Here, the district court agreed with Preserve that the negligent failure to build a vapor barrier was the efficient proximate cause of the mold. It noted that the failure to build a vapor barrier was a covered cause. It thus concluded that

5

Empire had a duty to defend and indemnify even though the policy excluded coverage for injury or damage caused by mold.

The district court, however, overlooked the policy's unambiguous language against applying the efficient proximate cause doctrine to mold claims. Preserve denies that the language is unambiguous because the mold exclusion does not expressly prohibit coverage when damage is the result of causes dependent on each other. We disagree with Preserve. The policy plainly excludes coverage for mold "regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage." (Dist. Ct. Doc. 54-2 at 30). By the plain language "in any sequence," the policy was written to exclude applying the efficient proximate cause doctrine. Overlooking that plain language, the district court erroneously concluded that the efficient proximate cause doctrine applies and triggers Empire's duty to defend and indemnify Preserve. Accordingly, we reverse the district court's grant of summary judgment.

## B. *Empire's Other Defenses*

The district court did not reach Empire's other defenses to the Renters' claims. The court properly recognized that, under Florida law, "[w]here the complaint contains allegations partially within and partially outside the scope of coverage, [Empire would be] required to defend the entire suit." *Tropical Park,*

*Inc. v. U.S. Fid. & Guar. Co.*, 357 So. 2d 253, 256 (Fla. 3d Dist. Ct. App. 1978).

In reversing the district court's declaratory judgment that Empire has a duty to defend and indemnify Preserve based on the Renters' mold claims, we do not reach Empire's other defenses. On remand, the district court will have the opportunity to rule on them in the first instance.

## C. *Attorneys' Fees*

The district court concluded that Preserve is entitled to attorneys' fees under under Florida law. Florida law makes an insurer liable for trial and appellate attorneys' fees "[u]pon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named . . . insured . . . ." FLA. STAT. § 627.428(1). Since we reverse the district court's grant of summary judgment, we vacate the district court's declaratory judgment that Preserve is entitled to attorneys' fees. The outcome of further proceedings will resolve which party, if any, should be liable for attorneys' fees.

## CONCLUSION

We would agree with Preserve that Empire had a duty to defend and indemnify if the efficient proximate cause doctrine applied here. But according to the policy's unambiguous language, it does not. Therefore, we **REVERSE** the district court's grant of summary judgment; **VACATE** its declaratory judgment

7

that Preserve is entitled to attorneys' fees; and **REMAND** for further proceedings

consistent with this opinion.