ON MOTION FOR REHEARING
PER CURIAM.
We grant Citizens Property Insurance Corporation’s motion for rehearing, withdraw our previous opinion issued February 6, 2013, and substitute the following opinion in its place:
1500 Coral Towers Condominium (“Coral Towers”) appeals a final summary judgment in favor of Citizens Property Insurance Corporation (“Citizens”) in a breach of contract action. We have reviewed, once again, the entire record as well as controlling case law and conclude that the trial court was correct in finding Citizens was presumed prejudiced by Coral Towers’ late notice and, based on our de novo review, find that Coral Towers failed to overcome the presumption of prejudice. Therefore, we affirm the trial court’s summary judgment in favor of Citizens.
At the time of Hurricane Wilma, in October 2005, Coral Towers was insured under a commercial-residential property insurance policy with Citizens. Approximately five years after Hurricane Wilma, on June 29, 2010, Coral Towers notified Citizens for the first time that the property had sustained damages as a result of Hurricane Wilma. Pursuant to the terms of the insurance policy, Citizens requested that Coral Towers submit a sworn proof of loss within sixty days. *543 Coral Towers did not submit the proof of loss within sixty days. In October 2010, Coral Towers brought suit for breach of contract alleging that it had properly and timely notified Citizens of the damages it had sustained to the condominium properties as a result of Hurricane Wilma. It also alleged that Citizens had denied its claim. Citizens filed an answer and asserted affirmative defenses alleging that Coral Towers had failed to give prompt notice of the alleged loss and had breached the following policy provisions:
4. You[r] Duties After Loss. In case of a loss to covered property, you must:
a. Give prompt notice to us, or your producer, who is to give immediate notice to us.
[[Image here]]
d. Send to us, within sixty (60) days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
(1) The time and cause of loss;
(2) Your interest and that of all others in the Covered Property involved, and all liens on the covered property;
(3) Other insurance which may cover the loss;
(4) Changes in titles or occupancy of the Covered Property during the term of the Policy;
(5) Specifications of damaged buildings and detailed repair estimates;
(6) The inventory of damaged and undamaged personal property described in Condition number 4.b., Your Duties After Loss.
Citizens also asserted as an affirmative defense that Coral Towers was barred from recovery because it had failed to comply with conditions precedent to filing the lawsuit under the following policy provision:
15. Suits Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within five (5) years from the date the loss occurs.
Three months after filing suit, Coral Towers provided the sworn proof of loss. The first opportunity Citizens had to inspect the property was in early August of 2010.
In discovery, Coral Towers admitted knowledge of the loss in November 2005, and that a roofer had repaired the elevator, roof, and surrounding walls in December 2005. The roof continued to leak and Coral Towers obtained estimates to replace the roof. The latter of the estimates was for $259,269.20. The reason Coral Towers alleged it did not notify Citizens immediately after Hurricane Wilma was because initially there was a question of whether the damages would exceed the policy deductible.
In September 2011, Citizens moved for summary judgment on grounds that Coral Towers was barred from recovery as a result of the failure to give prompt notice and failure to provide a sworn proof of loss within sixty days. Citizens alleged that it was prejudiced by the inability to investigate and evaluate the claim under the policy. Coral Towers maintained that the type of damages it had sustained appeared over time and would not have necessarily evidenced themselves within the first two years after the hurricane. The two issues addressed by the trial court and presented on appeal are whether Coral Towers’ notice of loss was timely and, if not, whether Citizens was prejudiced by the late notice.
We agree with the trial court that there is no factual dispute that Coral Towers failed to give timely notice of the loss. When an insurance contract contains a provision which applies to notice of the damage claim, an insured must give notice of the loss that implicates a potential claim without waiting for the full extent of the damages to become apparent. Kendall Lakes Towers Condo. Ass’n v. Pacific Ins. *544 Co., No. 10-24310-CIV, 2012 WL 266438 (S.D.Fla. Jan. 30, 2012); see Clena Invs., Inc. v. XL Specialty Ins. Co., No. 10-CV-62028, 2012 WL 1004851 (S.D.Fla. March 26, 2012); Gypsum Co. v. Travelers Indent Co., 417 So.2d 254 (Fla.1982)(preju-dice is assumed when the insured does not give notice of a possible claim); Ideal Mut. Ins. Co. v. Waldrep, 400 So.2d 782 (Fla. 3d DCA 1981). On facts similar to those before us, the Southern District of Florida has held that a condominium association is not entitled to wait until it determines on its own that the damages in question exceed the deductible under its insurance policy or until it ascertains the precise cause of the damage before giving notice of the loss or damage under the terms of the insurance contract. Kendall Lakes, 2012 WL 266438, at *4. In Kendall Lakes, the insured waited approximately four years to notify the insurance company of its claim caused by Hurricane Wilma because it believed the damage did not meet the policy deductible. After Hurricane Wilma, the Kendall Lakes Condominium Association had the roof repaired on its own, but the premises continued leaking and required periodic repairs. It was not until 2009, approximately four years after the damage occurred, that the association determined the problems were structural in nature, were, in fact, attributable to Hurricane Wilma, and submitted a claim. The Southern District held:
As a result, Pacific was entitled to prompt notice of the loss following Hurricane Wilma, not, as occurred here, to notice more than four years later. There is no genuine factual dispute that Kendall Lakes did not provide timely notice and Pacific is entitled to judgment as a matter of law on this issue.
Kendall Lakes, 2012 WL 266438, at *4. Here, as in Kendall Lakes, there is no genuine factual dispute that Coral Towers failed to give timely notice as required by the Citizens policy in question. The reasons given by Coral Towers for the late notice do not excuse Coral Towers’ failure to comply with the policy requirements of prompt notice. Therefore, we find the trial court was correct in finding that Citizens was prejudiced by the late notice.
The next question in this analysis is whether Coral Towers can overcome the presumption of prejudice to Citizens caused by the late notice. If not, summary judgment was appropriate. We find, based on yet another extensive review of the record and the case law, Coral Towers failed to overcome this presumption at the hearing for summary judgment. An insurer is prejudiced by untimely notice when the underlying purpose of the notice requirement is frustrated by late notice. 13 Couch on Insurance § 193.30 (3d ed. Supp. 2012). Failure to give timely notice creates a presumption that the insurer was prejudiced. Id.; see, e.g. Ideal Mut. Ins. Co., 400 So.2d at 786. The insured may rebut the presumption of prejudice by alleging and showing that the late notice did not prejudice the insurer. See Bankers Ins. Co. v. Macias, 475 So.2d 1216 (Fla.1985); Soronson v. State Farm Fla. Ins. Co., 96 So.3d 949 (Fla. 4th DCA 2012). In other words, once the presumption of prejudice exists, the burden shifts to the insured to show that the insurer was not prejudiced by the insured’s late notice. Soronson, 96 So.3d at 953.
As in Kendall Lakes, Citizens alleges that the extended passage of time creates a very strong inference that Citizens’ investigation and defenses have been diminished as a result of the late notice. Also, it alleges that the repairs made without first notifying Citizens hampered the monitoring of, and efforts to coordinate, mitigation of damages. Although the issue of whether an insured has overcome the presumption of prejudice caused by late notice is generally reserved for the trier of fact, it is appropriately raised on summary *545 judgment where, as in this case, the insured fails to present evidence sufficient to rebut the presumption. Soronson, 96 So.3d at 953; see also City Mgmt. Grp. Corp. v. Am. Reliance Ins. Co., 528 So.2d 1299, 1300 (Fla. 3d DCA 1988) (finding a presumption of prejudice to the insurer arose as a result of late notice, and there was nothing in the record to overcome this presumed prejudice or to raise genuine factual issues in relation to it).
The record fails to show any evidence or issue of fact presented by Coral Towers sufficient to overcome the presumption of prejudice resulting from its late notice to the insurer. The closest Coral Towers comes is a conelusory statement by one of its engineers that, in his opinion, the late notice did not prejudice Citizens. This is not the legally sufficient evidence required to overcome the presumption of prejudice. We affirm the trial court’s grant of summary judgment in favor of Citizens.[1]
Affirmed.

. We do not find it necessary to address the issue raised by Citizens that it would also have been entitled to summary judgment on the separate ground that the insured allegedly failed to timely comply with Citizens’ request of proof of loss.