# Third District Court of Appeal

## State of Florida

Opinion filed May 20, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1541
Lower Tribunal No. 24-30-CA-01
_____

**A-Team Response Restoration Corp., a/a/o Orquidea Tzikas,**
Appellant,

vs.

**Florida Peninsula Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Florida Insurance Law Group LLC d/b/a Insurance Trial Lawyers, and Isaiah Harvey, for appellant.

Colodny Fass, and Carolyn Gilbert Epstein (Sunrise), for appellee.

Before, LOGUE, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed.  See Sec. First Ins. Co. v. Visca, 387 So. 3d 313, 316-18 (Fla. 4th DCA 2024) ("[T]he Viscas contend Security waived its untimely notice defense because it denied their claim under a policy exclusion, without raising untimely notice or prejudice in its coverage letter.  We disagree.  We have previously held that a property insurer did not waive an untimely notice defense by denying coverage on other grounds. . . . This is true because, by denying a claim based on a policy exclusion, a property insurer asserts that the claim falls entirely outside the policy's scope.  In that instance, the insurer's conduct does not clearly demonstrate an intent to otherwise relinquish its contractual right to prompt notice of the loss . . . . [A]lthough Security did not raise the issue of notice in its coverage letter, it timely and properly raised the defense early in the litigation. . . . [W]hat constitutes prompt notice under an insurance policy often depends upon the surrounding circumstances.  However, if the undisputed evidence will not support a finding that the insured gave notice to the insurer as soon as practicable, then the court may decide the issue as a matter of law. . . . [I]n a case like this where an insured allegedly sustained property damage due to a hurricane, Florida courts have often found that the insured's initial discovery of that damage triggered the duty to notify, at least when the damage first appeared shortly after the storm.  These cases are equally clear that a

2

subsequent delay in notice is not excused simply because the insured believed the damage was not severe enough to justify filing a claim." (internal quotations marks and citations omitted)); Am. Integrity Ins. Co. v. Estrada, 276 So. 3d 905, 916 (Fla. 3d DCA 2019) ("[W]hen an insurer has alleged, as an affirmative defense to coverage, and thereafter has subsequently established, that an insured has failed to substantially comply with a contractually mandated post-loss obligation, prejudice to the insurer from the insured's material breach is presumed, and the burden then shifts to the insured to show that any breach of post-loss obligations did not prejudice the insurer."); Nunez v. Universal Prop. & Cas. Ins. Co., 325 So. 3d 267, 273-75 (Fla. 3d DCA 2021) (finding the insured's failure to submit to insurer's requested examination under oath constituted a willful and material breach of the insurance contract post-loss provisions, shifting the burden to insured to prove that insurer was not prejudiced by breach); 1500 Coral Towers Condo. Ass'n. v. Citizens Prop. Ins. Corp., 112 So. 3d 541, 544-45 (Fla. 3d DCA 2013) ("Although the issue of whether an insured has overcome the presumption of prejudice caused by late notice is generally reserved for the trier of fact, it is appropriately raised on summary judgment where, as in this case, the insured fails to present evidence sufficient to rebut the presumption."); Perez v. Citizens Prop. Ins. Corp., 343 So. 3d 140, 143-44

3

(Fla. 3d DCA 2022) (finding expert's affidavit, which was wholly conclusory, insufficient to create genuine issue of material fact to overcome presumption of prejudice to insurer from insured's late reporting of her claim).