229 So.2d 312 (1969)
Paul SOLANO, a Minor, by His Next Friend and Father, Herman F. Solano, and Herman F. Solano, Individually, Appellants,
v.
FEDERAL TITLE AND INSURANCE CORPORATION, Appellee.
No. K-476.
District Court of Appeal of Florida. First District.
December 23, 1969.
Rehearing Denied January 14, 1970.
S. Perry Penland, Crider & Rich, Jacksonville, for appellants.
Louis H. Stallman, Miami Beach, for appellee.
SPECTOR, Judge.
Appellants brought a garnishment action against appellee to recover a judgment obtained against Mrs. Mabel Codding to whom appellee had issued a homeowner's insurance policy.
The garnishment action was tried without jury. Appellee disclaimed any obligation to Mrs. Codding under its policy on the grounds that the insured failed to give timely notice that an accident had occurred as required by the terms of the policy. The accident in question occurred on April 22, 1964, and resulted in the loss of an eye to the appellant minor. A damage suit was filed against the insured, Mrs. Codding, in September, 1965, and she immediately forwarded the suit papers to appellee's agent, Stockton, Whatley, Davin and Company, *313 who also held or was serving the mortgage on the insured's home.
The evidence adduced before the trial judge on the question of notice was in conflict. Appellant presented the testimony of the insured who stated that only a few days after the accident she telephoned the office of Stockton, Whatley, Davin and Company and advised the unidentified person to whom her call was referred that an accident had occurred. She stated that she was informed that there was no coverage because the accident occurred adjacent to and not upon the insured's premises. Shortly thereafter, an attorney for appellant inquired about the insurance coverage and she advised him of the disclaimer of coverage in the telephone conversation described above.
The attorney who had inquired of Mrs. Codding testified that he too had inquired via telephone as to Mrs. Codding's insurance coverage with Stockton, and was advised that there was no coverage for that type of accident since it did not occur on the insured's premises. It is interesting to note that the contacts both of these witnesses testified to with Stockton, Whatley, Davin and Company resulted in a confirmation that there was coverage in the form of a homeowner's policy, but that such coverage did not extend to the particular circumstances in which the child was injured.
In contrast with the evidence adduced by the appellants, the appellee produced witnesses who were employed at the claims desk of Stockton, Whatley, Davin and Company who testified that they had no independent recollection of any telephone inquiries as to coverage for the subject accident. They further testified as to the normal course in which telephone notices of loss or claims were handled and that such telephone notices resulted in certain forms being filled out, copies of which went to the insurer and the claims investigators, thus initiating the processing of claims. A copy of such claim notice was ordinarily placed in the individual file of the insured. These witnesses testified that Mrs. Codding's file contained no indication whatever that a notice of a claim had been received by Stockton, Whatley, Davin and Company.
Confronted with the above conflicting evidence, the trial judge found that no notice of claim had been given to the appellee by the insured until suit was filed some year and a half later and that because of such breach of the notice provision of the policy, the appellee was not liable under its policy. Whether the insured gave notice is properly a question of fact to be resolved by a jury, or as in this case, a judge acting as the trier of facts. Fidelity & Casualty Co. of New York v. Tiedtke, 207 So.2d 40 (Fla.App. 1968). This court in Deese v. Hartford Accident and Indemnity Co., 205 So.2d 328 (Fla.App. 1967), held that an unreasonable delay in notifying an insurer of an accident involving the insured constituted such a violation of the policy provisions as to relieve the insurer from liability thereunder. Deese and like cases support the rule of law invoked by the lower court. The evidence was in conflict as to whether notice was given by the insured, and we will not substitute our findings for those of the trier of fact where there is a conflict in the evidence.
In the case at bar, however, it appears uncontroverted from the evidence that all the insured was furnished with by the insurer or its agent was a memorandum of insurance. Said document was entered in evidence as an exhibit. The exhibit wholly fails to advise the insured as to what her obligations were concerning the giving of notice in the event of a claim. Also admitted in evidence was a copy of the homeowner's policy form then in effect which was being used by the appellee. A reading of the form policy reveals that it adequately informs the insured of the duty to give written notice when an occurrence takes place from which a claim of injury arises. There is no evidence at all indicating that the insured was advised as to what her obligations were by delivery of the full policy form.
*314 While we recognize the purpose to be served in adhering to the rule discussed by the court in Deese, supra, we would be most reluctant to impose upon the insured a notice provision of which she herself had no notice. The memorandum of insurance which was furnished to Mrs. Codding does advise her that the homeowner's policy issued to her provides personal liability insurance, but its abbreviated form omits the notice requirements to which the appellee now seeks to bind her.
Since there was no evidence that the insured was furnished any writing from which she could have learned of the notice provision on which appellant now relies, it was error to hold that her failure to give timely notice served to relieve the insurer from liability under the policy.
Reversed.
JOHNSON, C.J., and WIGGINTON, J., concur.