EMAS, J.
 

 Joel and Marcia Hochberg (“the Hoch-bergs”) appeal four final summary judgment orders entered individually in favor of The Place for Tile, Inc. (“The Place for Tile”), Thomas Carter Painting, Inc. (“Thomas Carter Painting”), Karlsen Corp. d/b/a Window Professionals (“Window Professionals”), and General Caulking & Coatings, Co. (“General Caulking”) (collectively referred to as “appellees” or “subcontractors”). The trial court granted each appel-lee’s motion for summary judgment based upon its finding that the statute of limitations had expired prior to the Hochbergs filing a complaint against the appellees. We affirm.
 

 In 2000, the Hochbergs hired a general contractor, Miller Construction Company (“Miller”), to construct their new home. Miller then hired several subcontractors, including appellees, to undertake certain aspects of the construction. Sometime in 2003
 
 [1]
 
 the Hochbergs attempted to move into their new home, but were unable to spend even one night because an overwhelming smell of mold in the home triggered a severe reaction in Mrs. Hochberg. The Hochbergs also discovered damp carpeting in the master bedroom. They immediately contacted Miller and hired a mold remediation company to investigate. The mold remediation company found “significant mold” and “cracking in the finishes on the walls.” Several weeks later, following a storm, the Hochbergs discovered significant water intrusion in the new home.
 

 On November 25, 2003, the Hochbergs hired an engineer to address concerns they had with the deficiencies in the construction of the house, including the issue of water intrusion. The engineer’s preliminary report, dated February 4, 2004, identified water intrusion in several locations within the home. Shortly thereafter, the Hochbergs served Miller with a Demand for Arbitration. On March 25, 2004, they served Miller with a Supplement to Demand for Arbitration. In that Supplement, the Hochbergs alleged that Miller
 
 *863
 
 breached the construction contract. The Supplement alleged: “Clearly, as is evidenced by the dearth of quality in the work performed by and on behalf of the Contractor [Miller], the pool of laborers utilized for the Hochbergs’ home was not as skilled as initially represented, nor were they supervised by the Contractor to ensure that the work that was performed was in keeping with the Contract Documents.”
 

 The Supplement delineated twenty specific items constituting construction deficiencies; the relevant items for our purposes included:
 

 “Water intrusion into various areas of the home”;
 

 “Improper installation and damage to marble in the Master Bedroom”;
 

 “Improper installation and cracking of pavers and stone”;
 

 “Stone exterior fagade and exterior stucco are cracking and delaminating”;
 

 “Improper preparation and application of exterior paint resulting in peeling and water intrusion”;
 

 “Water intrusion from balcony railing posts and tile installed on the exterior balconies”;
 

 “Improper preparation and application of paint finish to exterior and interior railings and gates”;
 

 “Improper installation of the pool deck pavers and/or inferior paver materials installed.”
 

 On July 24, 2008, the Hochbergs filed suit for negligence and building code violations against The Place for Tile arising out of the “numerous deficiencies” in the construction of their new home, leading to water intrusion and other problems. In February of 2009, The Place for Tile filed a third-party complaint against Thomas Carter, Window Professionals, and General Caulking. The Hochbergs thereafter filed a third-party complaint against Thomas Carter Painting, Window Professionals, and General Caulking.
 

 Under section 95.11(3)(c), Florida Statutes, (2010) “an action founded on the design, planning or construction of an improvement to real property” must be brought within four years of the later date of the owner’s actual possession, the issuance of a certificate of occupancy, or the date of completion or termination of the contract. The statute provides a tolling provision: “[W]hen the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence.”
 
 Id.
 
 This tolling provision recognizes that a plaintiff must be on notice of his right to a cause of action before the limitations period commences.
 

 The Hochbergs acknowledge that they were aware since 2003 of the water intrusion and other construction defects.
 
 [2]
 
 The Hochbergs contend that the four-year limitations period should have been tolled until they discovered the precise nature of the defects, or more specifically, until they discovered that it was the negligence of these subcontractors which caused the defects. However, Florida law is clear that “where there is an obvious manifestation of a defect, notice will be inferred at the time of manifestation regardless of whether the plaintiff has knowledge of the exact nature of the defect.”
 
 Performing Arts Center Auth. v. Clark Constr. Grp., Inc.,
 
 789 So.2d 392, 394 (Fla. 4th DCA 2001).
 
 See also Almand Constr. Co. v. Evans,
 
 547 So.2d 626 (Fla.1989);
 
 Kelley v. Sch. Bd. of
 
 
 *864
 

 Seminole Cnty.,
 
 435 So.2d 804 (Fla.1983);
 
 K/F Dev. & Inv. Corp. v. Williamson Crane & Dozer Corp.,
 
 367 So.2d 1078 (Fla. 3d DCA 1979). The Hoehbergs’ knowledge that their newly-constructed home had suffered from water intrusion and other obvious construction defects-knowledge which they had, at the very latest, by March 25, 2004, the date of the Supplement to Demand for Arbitration — was clearly sufficient to put them on “notice of an invasion of [their] legal rights” or “of [their] right to a cause of action” against appellees.
 
 Snyder v. Wernecke,
 
 813 So.2d 213, 216 (Fla. 4th DCA 2002). The Hoch-bergs filed suit against The Place for Tile on July 24, 2008, and thereafter against the remaining appellees. The trial court correctly determined that the claims against each of the appellees were barred by the expiration of the statute of limitations.
 

 Affirmed.
 

 [1]
 

 . The record does not establish precisely when in 2003 the Hochbergs attempted to move into the new home. However, the record establishes that, in September of 2003, the Hochbergs sent a letter to Miller pointing out deficiencies in the construction of the home, including cracks and hollow areas in parts of the floor.
 

 [2]
 

 . In fact, the Hochbergs' Supplement to Demand for Arbitration asserted that "as far back as May, 2002, the Hochbergs continuously and repeatedly advised [Miller] of the items that required completion and correction.”