WALLACE, Judge.
Anthony LoBello and Patricia LoBello (the LoBellos) appeal a final summary judgment entered in favor of State Farm Florida Insurance Company on the LoBel-los’ sinkhole claim. Because there is a material issue of fact concerning whether the LoBellos timely reported their claimed loss under their homeowners’ policy to State Farm, we reverse.
I. THE FACTS AND PROCEDURAL HISTORY
The LoBellos moved into their new home in 2002. In late 2004, they noticed cracking in their home. Initially, the Lo-Bellos attributed the cracking to the effects of normal settlement, and they did not associate the cracks with sinkhole activity. Mr. LoBello, who is a professional painter, simply repaired and repainted most of the damaged areas.
Sometime later, on the recommendation of a friend, the LoBellos consulted a public adjuster concerning the cracking. The consultation with the public adjuster led the LoBellos to make a sinkhole claim under their policy with State Farm on February 20, 2008. State Farm took the examinations under oath (EUOs) of the LoBellos in July 2008. In November 2008, State Farm sent the LoBellos a letter denying coverage for the claim based on late reporting and the assertion that State Farm had been prejudiced by its inability to perform a prompt investigation. State Farm also alleged that the LoBellos failed to take appropriate measures “to save or protect the property from further peril.”
In May 2009, the LoBellos filed an action on their claim against State Farm. The LoBellos’ operative complaint had two counts. Count I was a claim for breach of contract based on State Farm’s failure to pay the claim. In Count II, the LoBellos alleged a second claim for breach of contract based on State Farm’s failure to conduct testing for sinkhole activity in accordance with section 627.707, Florida Statutes (2007).[1] State Farm answered the complaint and raised various affirmative defenses, including the LoBel-los’ alleged failure to comply with the policy provision requiring timely reporting of a claim of loss. The policy language upon which State Farm relied in Section I concerning “Conditions” provided, in pertinent part, as follows:
2. Your Duties After Loss. After a loss to which this insurance may apply> you shall see that the following duties are performed:
a. give immediate notice to us or our agent. Also notify- the police if the loss is caused by theft. Also notify the credit card company or bank if the loss involves a credit card or bank fund transfer card;
b. protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;
*597 State Farm also alleged that the late notice prejudiced it in its handling and investigation of the claim.
This much of the procedural history in the circuit court is straightforward. However, the course of the proceedings relative to the parties’ respective motions for summary. judgment is somewhat unusual and complicated. In December 2009, State Farm filed its first motion for summary judgment. Based primarily on the LoBel-los’ EUOs, State Farm asserted that the undisputed facts established that the reporting of their claim under the policy was untimely. State Farm also asserted that the LoBellos were unable to overcome the presumption of prejudice to State Farm resulting from the late notice. Later, the LoBellos moved for a partial summary judgment on their breach of contract claim arising from State Farm’s failure to conduct an appropriate sinkhole investigation.
In January 2011, the circuit court granted the LoBellos’ motion for partial summary judgment based on State Farm’s failure to conduct the appropriate sinkhole investigation. State Farm moved for reconsideration of the order granting the partial summary judgment to the LoBellos and moved again for a summary judgment based on the asserted late reporting by the LoBellos of their claim. On April 29, 2011, the circuit court denied State Farm’s motion for reconsideration and also denied its motion for summary judgment based on the alleged untimely notice. In its order denying State Farm’s motion for summary judgment, the circuit court said: “The Court finds that a question of fact exists as to whether [the LoBellos] should have known that a claim would arise when they observed damage in 2004.”
In August 2011, State Farm moved for summary judgment for a third time. In its renewed motion for summary judgment, State Farm did not rely on any facts that were not previously known or available. Instead, State Farm asserted that the LoBellos’ claim was “barred” as a matter of law as untimely based on what were then two recently decided cases: (1) Kroener v. Florida Insurance Guaranty Ass’n, 63 So.3d 914 (Fla. 4th DCA 2011); and (2) Hochberg v. Thomas Carter Painting, Inc., 63 So.3d 861 (Fla. 3d DCA 2011).
At the hearing on its renewed motion for summary judgment, State Farm’s counsel had this to say about the Fourth District’s decision in the Kroener case:
The Court notes that the insured must give prompt notice, as this policy of State Farm requires. The Court found, as a matter of law, Your Honor, two years and two months after a loss occurred is not prompt notice. As a matter of law, it violated the policy conditions. And it was sufficient to bar the claim.
In this case, the LoBellos first became aware of the cracking in late 2004, but did not file a claim with State Farm until November 2008, approximately four years later. According to State Farm’s counsel, Kroener required a ruling that the LoBel-los’ claim was barred as a matter of law. State Farm’s counsel also argued to the circuit court that — in accordance with Kroener — a conclusion that the LoBellos did not timely report their claim to the insurance company in accordance with the policy made it unnecessary to address the issue of whether the insurance company had sustained any prejudice because of the late notice.
At the hearing, State Farm’s counsel also relied heavily on the following statement from the Hochberg case: “[Wjhere there is an obvious manifestation of a defect, notice will be inferred at the time of manifestation regardless of whether the plaintiff has knowledge of the exact nature of the defect.” 63 So.3d at 863 (quoting *598 Performing Arts Ctr. Auth. v. Clark Constr. Grp., Inc., 789 So.2d 392, 394 (Fla. 4th DCA 2001)). In counsel’s paraphrase of the quotation from Hochberg, “If they know about it, that’s when the clock starts to click.” Because the cracking first manifested itself in the LoBellos’ residence in 2004 and they did not make a claim until 2008, counsel concluded that State Farm was entitled to a summary final judgment based on its defense of untimely notice.
In response, the LoBellos’ counsel argued that the Kroener and Hochberg cases were distinguishable and inapplicable. Perhaps because of State Farm’s insistence that Kroener and Hochberg entitled it to a summary judgment as a matter of law based on an untimely notice, no one addressed the issue of prejudice at the hearing. At the conclusion of the hearing, the circuit judge announced — without explanation — that he would grant State Farm’s renewed motion for summary judgment. The written order memorializing' the circuit court’s ruling does not contain any findings or conclusions of law and merely cites to Kroener and Hochberg. Somewhat inconsistently, the circuit court did not vacate its earlier order in which it found that there was a material issue of fact concerning “whether [the LoBellos] should have known that a claim would arise when they observed damage in 2004.” Similarly the circuit court did not vacate its earlier order granting the LoBellos’ motion for summary judgment based on State Farm’s failure to conduct an appropriate investigation.
Based on the order granting the renewed motion for summary judgment, the circuit court entered a final judgment in favor of State Farm. The LoBellos filed a motion for rehearing; the circuit court denied the motion. This appeal followed.
II. THE STANDARD OF REVIEW
The standard of review for an order granting a motion for summary judgment is de novo and requires a two-pronged analysis. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Summary judgment is proper only if (1) no genuine issue of material fact exists, viewing every possible inference in favor of the party against whom summary judgment has been entered, Huntington Nat’l Bank v. Merrill Lynch Credit Corp., 779 So.2d 396, 398 (Fla. 2d DCA 2000), and (2) the moving party is entitled to a judgment as a matter of law, Aberdeen at Ormond Beach, 760 So.2d at 130. “If the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper.” Holland v. Verheul, 583 So.2d 788, 789 (Fla. 2d DCA 1991).
III. THE APPLICABLE LAW
“The purpose of a provision for notice and proofs of loss is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it.” State Farm Mut. Auto. Ins. Co. v. Ranson, 121 So.2d 175, 180 (Fla. 2d DCA 1960), overruled in part on other grounds, Am. Fire & Cas. Co. v. Collura, 163 So.2d 784, 793-94 (Fla. 2d DCA 1964); see also Ideal Mut. Ins. Co. v. Waldrep, 400 So.2d 782, 786 (Fla. 3d DCA 1981) (noting that the insured’s extended delay in reporting the accident or occurrence deprived the insurer of its right “to notice and an opportunity to eliminate or reduce its loss”). “The failure of an insured to give a timely notice of loss in contravention of a policy provision is a legal basis for the denial of recovery under the policy.” Waldrep, 400 So.2d at 785 *599 (citing Boyd v. Pa. Nat’l Mut. Cas. Ins. Co., 195 So.2d 259 (Fla. 4th DCA 1967)).
The question of whether an insured’s untimely reporting of loss is sufficient to result in the denial of recovery under the policy implicates a two-step analysis. See 1500 Coral Towers Condo. Ass’n v. Citizens Prop. Ins. Corp., 112 So.3d 541, 543-45 (Fla. 3d DCA 2013) (applying a two-step analysis to the question); Clena Invs., Inc. v. XL Specialty Ins. Co., 2012 WL 1004851, at *3 (S.D.Fla. Mar. 26, 2012) (not reported in F.Supp.2d) (“[M]ost Florida cases appear to treat the issue in two step fashion.”). The first step in the analysis is to determine whether or not the notice was timely given. See 1500 Coral Towers, 112 So.3d at 543-44; Waldrep, 400 So.2d at 785-86; Clena Invs., 2012 WL 1004851, at *4. If the notice was untimely, then prejudice to the insurer is presumed. Bankers Ins. Co. v. Macias, 475 So.2d 1216, 1218 (Fla.1985); Soronson v. State Farm Fla. Ins. Co., 96 So.3d 949, 952-53 (Fla. 4th DCA 2012). However, the presumption of prejudice to the insurer “may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice.” Macias, 475 So.2d at 1218.
A determination that the notice was, in fact, timely concludes the analysis with the first step. However, if the notice was untimely, then the analysis proceeds to the second step. 1500 Coral Towers, 112 So.3d at 544-45; Waldrep, 400 So.2d at 786; Ciena Invs., 2012 WL 1004851, at *4. In the second step, the insured must overcome the presumption by proving that the insurer was not prejudiced by noncompliance with the condition of timely notice. Macias, 475 So.2d at 1218; Soronson, 96 So.3d at 952-53. The burden of overcoming the presumption of prejudice is on the insured. Macias, 475 So.2d at 1218; So-ronson, 96 So.3d at 953. If the insured is unable to overcome the presumption of prejudice, then the insurer will prevail on a defense of untimely notice.
An event must be of sufficient consequence to trigger an insured’s duty to provide notice. “Notice is necessary when there has been an occurrence that should lead a reasonable and prudent man to believe that a claim for damages would arise.” Waldrep, 400 So.2d at 785 (citing Mountainair Mun. Sch. v. U.S. Fid. & Guar. Co., 80 N.M. 761, 461 P.2d 410 (1969)). “[T]he duty to provide notice arises when a reasonable person, viewing all available facts and information, would conclude that an award implicating the policy is likely.” Vision I Homeowners Ass’n v. Aspen Specialty Ins. Co., 674 F.Supp.2d 1333, 1338-39 (S.D.Fla.2009) (quoting Bray & Gillespie IX, LLC v. Hartford Fire Ins. Co., 2009 WL 1513400, at *7 n. 9 (M.D.Fla. May 27, 2009)).
In this case, the policy condition called for “immediate notice” of a “loss to which this insurance may apply.” Such a provision will be read as meaning “as soon as practicable” and “call[s] for notice to be given with reasonable dispatch and within a reasonable time in view of all the facts and circumstances of each particular case.” Collura, ,163 So.2d at 792. “All of the Florida cases bearing upon the question of the requirement of notice being given to the insurer seem to be uniform in the proposition that what is a reasonable time depends upon the surrounding circumstances and is ordinarily a question of fact for the jury.” Renuart-Bailey-Cheely Lumber & Supply Co. v. Phoenix of Hartford Ins. Co., 474 F.2d 555, 557 (5th Cir.1972) (citing Hartford Accident & Indent. Co. v. Mills, 171 So.2d 190 (Fla. 1st DCA 1965)); see generally Steven Plitt et al., Chapter 190. Time Requirements-Introduction & General Principles; Standards & Measure of Compliance, in 13 *600 Couch on Insurance, § 190:30 (3d ed. 2013) (discussing notice provisions in insurance policies and stating that “an ‘immediate notice’ provision merely imposes a reasonable requirement”).
The determination of whether the insured gave timely notice to the insurer is ordinarily a question to be resolved by the jury or the trial judge when acting as the trier of the facts. See King Cole Condo. Ass’n v. USPlate Glass Ins. Co., 45 So.3d 833, 833 (Fla. 3d DCA 2010); Waldrep, 400 So.2d at 785; Solano v. Fed. Title & Ins. Corp., 229 So.2d 312, 313 (Fla. 1st DCA 1969); Renuart, 474 F.2d at 557; Clena Invs., 2012 WL 1004851, at *4. On the other hand, if the undisputed evidence will not support a finding that the insured gave notice to the insurer as soon as practicable, then a finding that notice was timely given is unsupportable. Waldrep, 400 So.2d at 785; Midland Nat’l Ins. Co. v. Watson, 188 So.2d 403, 405 (Fla. 3d DCA 1966); Clena Invs., 2012 WL 1004851, at *4.
IV. DISCUSSION
We begin our discussion of this case by noting that the circuit court had the right to change its interlocutory rulings on the various motions for summary judgment that the parties had presented to it. “It is well established that a trial court may reconsider and modify interlocutory orders at any time until final judgment is entered.” Oliver v. Stone, 940 So.2d 526, 529 (Fla. 2d DCA 2006) (citing Hunter v. Dennies Contracting Co., 693 So.2d 615 (Fla. 2d DCA 1997)). “An order granting summary judgment is an interlocutory order, and a trial court has inherent authority to reconsider and modify its interlocutory orders.” AC Holdings 2006, Inc. v. McCarty, 985 So.2d 1123, 1125 (Fla. 3d DCA 2008) (citing Bay N Gulf, Inc. v. Anchor Seafood, Inc., 971 So.2d 842, 843 (Fla. 3d DCA 2007)).
However, two things are noteworthy about the circuit court’s order granting State Farm’s renewed motion for summary judgment. First, the circuit court never vacated its earlier order granting the partial summary judgment in favor of the LoBellos on their breach of contract claim based on State Farm’s failure to conduct a sinkhole investigation. In addition, the circuit court never vacated its earlier order denying State Farm’s initial motions for summary judgment in which it ruled that there were genuine issues of material fact underlying the issue of whether the LoBellos had given timely notice of the claimed loss to State Farm. Second, the circuit court did not base its ruling in favor of State Farm on any new facts. Instead, the circuit court granted State Farm’s renewed motion entirely on the authority of two recently decided cases—Kroener and Hochberg—that State Farm presented as requiring a different result in light of the facts that were already known.
In this case, the circuit court initially ruled that there was a material issue of fact underlying the question of whether the LoBellos had complied with the policy condition requiring timely notice to State Farm of their sinkhole claim. Based on this ruling, the circuit court’s consideration of the matter properly ended with the first step in- the two-step analysis. The presence of a material issue of fact concerning the timeliness of the notice made it unnecessary to reach the second step and to consider the question of prejudice.
At the hearing on the renewed motion for summary judgment, State Farm argued that—under Kroener—the substantial period of time that had elapsed since the LoBellos first noticed the cracks in their new home before they reported the claimed loss was sufficient in itself to “bar” their claim. Accordingly, it was urineces- *601 sary to proceed to the second step in the analysis and to consider whether the Lo-Bellos could overcome the presumption of prejudice to State Farm resulting from the late reporting of the claim. The circuit court apparently agreed and entered a final summary judgment without regard to its earlier order ruling that there was a material issue of fact underlying State Farm’s defense based upon the alleged untimely report of the claim.
There are two problems with this reading of the Fourth District’s decision in Kroener. First, it short-circuits the two-step analysis required by the supreme court’s decision in Macias and numerous other reported Florida cases. The Fourth District has issued multiple opinions correcting this misinterpretation of Kroener. See Kings Bay Condo. Ass’n v. Citizens Prop. Ins. Corp., 102 So.3d 732, 733 (Fla. 4th DCA 2012); Soronson, 96 So.3d at 953 n. 1; Kramer v. State Farm Fla. Ins. Co., 95 So.3d 303, 307 n. 1 (Fla. 4th DCA 2012); see also Hope v. Citizens Prop. Ins. Corp., 114 So.3d 457, 459 (Fla. 3d DCA 2013) (citing to the Fourth District’s “later cases that receded from and clarified the Kroener holding”); Stark v. State Farm Fla. Ins. Co., 95 So.3d 285, 287-88 (Fla. 4th DCA 2012) (applying the prejudice analysis set forth in Macias and not citing to Kroener).[2]
Second, State Farm’s reading of Kroener in the circuit court purports to establish a bright-line rule “barring” an insured’s claim that is reported later than a designated period of time, e.g., two years, after the loss. Once again, this is a misreading of Kroener. The Fourth District did not attempt in Kroener to establish such a bright-line rule. See Slominski v. Citizens Prop. Ins. Corp., 99 So.3d 973, 978-79 (Fla. 4th DCA 2012); see also Banta Props., Inc. v. Arch Specialty Ins. Co., 2011 WL 5928578, at *3 (S.D.Fla. Nov. 23, 2011) (not reported in F.Supp.2d) (distinguishing Kroener and noting that under Florida law “there is no per se timeliness bar for filing a notice of a claim and that notice must be considered under the circumstances”). State Farm’s misreading of Kroener in the circuit court ignored this court’s opinion in Collura and many other Florida decisions holding that what is a reasonable time to give notice of a claim to the insurer must be considered “in view of all the facts and circumstances of each particular case.”[3] Collura, 163 So.2d at 792.
To its credit, State Farm no longer relies on Kroener in support of the circuit court’s final summary judgment. State Farm now relies on Hochberg — the other case that it cited in the circuit court — as authority for affirmance. Hochberg is a construction defect case involving a question about when the statute of limitations began to run on the owners’ claims against certain subcontractors. 63 So.3d at 863-64. We find nothing in Hochberg that undermines the circuit court’s initial ruling — never vacated — that there was a gen *602 uine issue of material fact about when the LoBellos should have known that they might have a claim under their policy against State Farm. It follows that the circuit court erred in entering the final summary judgment in favor of State Farm.
V. CONCLUSION
We reverse the final judgment in favor of State Farm and remand this case for further proceedings consistent with this opinion. In considering State Farm’s defense of untimely notice of the claim, the circuit court must follow the two-step analysis outlined above. The question of whether the LoBellos timely reported their claim to State Farm remains to be determined by a jury. If the jury determines that the LoBellos’ notice was untimely, then the LoBellos must overcome the presumption of prejudice in order to prevail on State Farm’s defense based on their alleged failure to comply with the policy’s condition requiring timely notice of the claim.
Reversed and remanded for further proceedings.
KHOUZAM and SLEET, JJ., Concur.

. The LoBellos initially asserted a claim for declaratory judgment in Count II, alleging that they were in doubt about whether their loss was covered under the policy. The parties stipulated to an order permitting the Lo-Bellos to amend the complaint in August 2010, and the LoBellos filed an amended complaint asserting a breach of contract claim in Count II.

. In fairness to the circuit court and to State Farm's counsel, we note that all of the decisions cited here were issued after the entry of the final summary judgment under review in this case.

. We observe that the circuit court was obligated to follow the applicable decisions of the supreme court and this court on the issues presented by State Farm's renewed motion for summary judgment instead of an apparently contrary decision from another district-court of appeal. Pardo v. State, 596 So.2d 665, 666-67 (Fla.1992); Miller v. State, 980 So.2d 1092, 1094 (Fla. 2d DCA 2008). The circumstance that Kroener had then been "recently decided” by the Fourth District did not trump the numerous authoritative decisions from the supreme court and this court that were directly controlling on the issues presented.