NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALICEA ENTERPRISES, INC., a )
Florida corporation, now converted to )
Alicia Enterprises, LLC, d/b/a )
SUNLAKE PHARMACY and also )
d/b/a PHYSICIAN SPECIALTY )
COMPOUNDING, LLC; PHYSICIAN )
SPECIALTY COMPOUNDING, LLC, )
a Florida Limited Liability Company, )
d/b/a SUNLAKE PHARMACY; )
HUY BA LE; and INGRID MARY )
BENDECK, )
)
      Appellants/Cross-Appellees, )
)
v. )      Case No. 2D16-5261
)
NATIONWIDE INSURANCE COMPANY )
OF AMERICA, INC., JOSEPH STAHEL, )
and REMEE JO LEE, )
)
      Appellees/Cross-Appellants. )
_____ )

Opinion filed August 1, 2018.

Appeal pursuant to Fla. R. App. P.
9.030(b)(1)(A) from the Circuit Court for
Hillsborough County; Elizabeth G. Rice,
Judge.

Nataliia G. Artemova and Daniel G. Musca
of Lexium PLLC f/k/a Tampa Law Source,
P.A., Tampa, for Appellants/Cross-
Appellees.

Hinda Klein, of Conroy Simberg,
Hollywood, for Appellee/Cross-Appellant,
Nationwide Insurance Company

No appearance for remaining Appellees/
Cross-Appellants.


BADALAMENTI, Judge.

Nationwide Insurance Company of America[1] issued a general liability

insurance policy to Alicea Enterprises, Inc., which owns and operates Sunlake

Pharmacy.[2] In an underlying lawsuit, Remee Jo Lee alleges, among other things,

claims against the Pharmacy and its employees for negligent acts causing her injuries.

The facts giving rise to the underlying action stem from the Pharmacy's alleged part in

Remee Jo Lee's miscarriage that was caused by her then-boyfriend, John Andrew

Weldon (Andrew), duping her into taking an abortifacient drug she believed simply to be

an antibiotic.[3]

---

[1]Joseph Stahel, a pharmacy technician employed by Sunlake Pharmacy and a defendant in the underlying action, and Remee Jo Lee, the plaintiff in the underlying action, are also parties to this appeal. We will refer to these appellees collectively as "Nationwide."

[2]Appellants Alicea Enterprises, Inc. and Physician Compounding, LLC operate Sunlake Pharmacy through a joint venture. Huy Ba Le and Ingrid Mary are pharmacists employed by Sunlake Pharmacy. Collectively, we will refer to the appellants as "the Pharmacy."

[3]Ms. Lee alleged that after she learned she was pregnant, she shared the news with the child's father, Andrew. While pregnant, she was prescribed an antibiotic to treat a bacterial infection. Andrew acquired an incomplete prescription label from the Pharmacy and completed the label to display that antibiotic's name. Unbeknownst to Ms. Lee, she instead took Cytotec, which she alleged Andrew placed in the pill bottle she thought contained the antibiotic. Lee's ingestion of the Cytotec medication caused her to miscarry. It is unclear whether the Pharmacy provided the incomplete prescription label by itself or affixed to an empty prescription bottle.

Nationwide filed a complaint for declaratory relief, requesting a decree from the trial court that it neither had a duty to defend nor a duty to indemnify the Pharmacy in the underlying lawsuit. Less than four months after it filed for this declaratory relief, Nationwide filed a motion for summary judgment, asserting that the policy it issued to the Pharmacy expressly excluded coverage for "professional services." Nationwide contended that "100%" of Ms. Lee's allegations in the underlying lawsuit are excluded from coverage because they arose out of the professional "[s]ervice, treatment, advice or instruction in the practice of pharmacy."

The trial court denied Nationwide's motion for summary judgment as to its duty to defend the Pharmacy in Ms. Lee's underlying lawsuit. It reasoned that Ms. Lee's underlying complaint "contains allegations that potentially could be deemed as unrelated to professional services and potentially could bring the Tort action at this time within the coverage provided by the Insurance Policy." The trial court, however, went on to grant Nationwide's motion for summary judgment on its duty to indemnify the Pharmacy from any damages awarded to Ms. Lee in her underlying lawsuit. The trial court reasoned that "there could never be a set of circumstances where there would be a duty to indemnify as a matter of law." The Pharmacy appeals the grant of summary judgment to Nationwide on the duty to indemnify, and Nationwide cross-appeals the denial of its motion for summary judgment on the duty to defend.

After de novo review and the benefit of oral argument, we affirm the trial court's denial of Nationwide's motion for summary judgment on the duty to defend the Pharmacy in the underlying lawsuit. We are in lockstep with the trial court's reasoning that Ms. Lee's allegations could potentially "be deemed as unrelated to professional

- 3 -

services and potentially could bring the Tort action at this time within the coverage provided by the Insurance Policy." Accordingly, because Ms. Lee's underlying complaint alleged facts that fairly and potentially bring the suit within the policy's coverage, we affirm the trial court's denial of Nationwide's motion for summary judgment on the duty to defend. See Jones v. Fla. Ins. Guar. Ass'n, 908 So. 2d 435, 442–43 (Fla. 2005) ("It is well settled that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage." (citing State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So. 2d 1072, 1077 n.3 (Fla. 1998))); see also Fla. R. Civ. P. 1.510(c); LoBello v. State Farm Fla. Ins. Co., 152 So. 3d 595, 598 (Fla. 2d DCA 2014) ("If the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." (quoting Holland v. Verheul, 583 So. 2d 788, 789 (Fla. 2d DCA 1991))).

We disagree with the trial court's decision to grant summary judgment to Nationwide on its duty to indemnify the Pharmacy from any damages attributable to it in Ms. Lee's underlying lawsuit. An insurer's duty to indemnify is "determined by analyzing the policy coverage in light of the actual facts in the underlying case." Diamond State Ins. Co. v. Boys' Home Ass'n, 172 F. Supp. 3d 1326, 1342 (M.D. Fla. 2016) (quoting J.B.D. Constr., Inc. v. Mid–Continent Cas. Co., 571 Fed. App'x. 918, 927 (11th Cir. 2014)). Therefore, in deciding whether an insurer has a duty to indemnify, the trial court must look beyond the allegations in the underlying complaint. "The duty to indemnify is thus often dependent upon further factual development through discovery or at trial." Khatib v. Old Dominion Ins. Co., 153 So. 3d 943, 947–48 (Fla. 1st DCA 2014)

- 4 -

(reversing for further proceedings on the insurer's duty to indemnify because a ruling on that duty was premature without further factual development); Pa. Lumbermens Mut. Ins. Co. v. Ind. Lumbermens Mut. Ins. Co., 43 So. 3d 182, 188 (Fla. 4th DCA 2010) ("While the duty to defend is broad and based on the allegations in the complaint, the duty to indemnify is determined by the facts adduced at trial or during discovery.").

Whether a professional service has, or has not, been rendered is a fact-intensive analysis. See, e.g., Aerothrust Corp. v. Granada Ins. Co., 904 So. 2d 470, 472 (Fla. 3d DCA 2005) (explaining that "the services which are meant to be excluded as professional are those which require specialized training" and reciting the facts it relied upon to come to the conclusion that the professional services policy exclusion did not apply). Thus, when deciding whether an act arises out of the rendering of or failure to render a professional service, the court must focus on the act itself and not the character of the individual performing the act. See Estate of Tinervin v. Nationwide Mut. Ins. Co., 23 So. 3d 1232, 1237 (Fla. 4th DCA 2009) (citing Lindheimer v. St. Paul Fire & Marine Ins. Co., 643 So. 2d 636, 638 (Fla. 3d DCA 1994)). The act from which the claim arises must be related to a professional service that requires the use of professional judgment or skill. Cf. Nat'l Deaf Acad., LLC v. Townes, 242 So. 3d 303, 305 (Fla. 2018) (concluding that a "claim arises out of the 'rendering of, or the failure to render, medical care or services,' " when the act from which the claim arises is "directly related to medical care or services, which require the use of professional judgment or skill").

Thus, at the summary judgment stage, in circumstances where there has not been thorough discovery to flesh out the relevant facts, the trial court is in a poor

- 5 -

position to determine whether the facts alleged in the complaint are true or the legal theories unsound so as to make a decision on whether an insurer has a duty to indemnify under the policy. See Khatib, 153 So. 3d at 947–48 (reversing the trial court's determination that an insurer had no duty to indemnify its insured based on the allegations against the insured in the complaint because such a determination was "premature" prior to trial); see also Diamond State, 172 F. Supp. 3d at 1342 (acknowledging that "it may be appropriate in some instances to consider the duty to indemnify before resolution of the underlying case" but refusing to do so where too many factual issues remained regarding the applicability of an exclusion in the insurer's policy).

Here, there appears to have been little discovery conducted. Only one deposition was before the trial court for its review—the deposition of a pharmacy technician, Joseph Stahel. Notably absent was the deposition testimony of Andrew, the individual who Ms. Lee alleged to have been the mastermind in a scheme leading to her alleged injuries. Also absent was any testimony from the pharmacists themselves. Furthermore, there was no bench trial on Nationwide's complaint for declaratory relief to present evidence as to whether the purported acts of the Pharmacy and its employees here fell within the professional negligence exclusion of the policy. Nor has there been a trial on Ms. Lee's underlying lawsuit.

We are therefore left with Mr. Stahel's deposition testimony. We know from his deposition that he provided Andrew an incomplete prescription label. This incomplete label did not contain the name of any drug. Mr. Stahel also testified that Ms. Lee was not a customer of the pharmacy. We also know that Mr. Stahel had never

- 6 -

given out an incomplete prescription label before and did not recall whether he had asked the on-duty pharmacist for permission to give this incomplete prescription label to Andrew. Lastly, he testified that, to his knowledge, the Pharmacy did not dispense a drug with that incomplete label.

Here, we conclude that Nationwide did not meet its heavy summary judgment burden. See Fla. R. Civ. P. 1.510(c); LoBello, 152 So. 3d at 598 ("If the record reflects the existence of any genuine issue of material fact or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper." (quoting Holland, 583 So. 2d at 789)). It is unclear on this scant record whether the acts of the Pharmacy or its employees alleged in Ms. Lee's underlying complaint and further expounded upon by the deposition of the pharmacy technician's version of events fell within the exclusionary provision of the policy, which we must strictly construe. See Tinervin, 23 So. 3d at 1236 ("Exclusionary clauses are strictly construed."). That is, a genuine issue of material fact exists as to whether the acts of the Pharmacy's employees arose out of the professional "[s]ervice, treatment, advice or instruction in the practice of pharmacy."

Because the record reflects the existence of genuine issues of material fact as to whether the Pharmacy or its employees were ordinarily or professionally negligent, we reverse and remand for further proceedings on Nationwide's duty to indemnify. See Khatib, 153 So. 3d at 947–48 (reversing for further proceedings on the insurer's duty to indemnify because a ruling on the duty was premature without further factual development); Diamond State, 172 F. Supp. 3d at 1342 (denying summary judgment on duty to indemnify "as premature"). We express no opinion as to whether

evidence adduced upon our remand may bring the conduct within the policy's professional services exclusion. We also do not hold that summary judgment is always improper on whether an insurer has a duty to indemnify. See generally Higgins v. State Farm Fire & Cas. Co., 894 So. 2d 5, 16–17 (Fla. 2004) (explaining some of the factors the trial judge may rely upon when exercising its "discretion as to whether the insurance indemnity coverage issue should proceed ahead of the underlying tort action" and concluding that "there is too infinite a variety of circumstances for there to be a rule applicable in all cases"); see also State Farm Fla. Ins. Co. v. Campbell, 998 So. 2d 1151, 1155 (Fla. 5th DCA 2008) (concluding on appeal from a final summary judgment in a declaratory action proceeding that insurer had no duty to indemnify its insured). We simply hold that based on the very limited record before us, genuine issues of material fact remain as to whether the Pharmacy or the Pharmacy's employees' alleged acts fell within the professional services exclusion of the policy. We affirm the trial court's denial of Nationwide's motion for summary judgment on its duty to defend the underlying lawsuit.

Affirmed in part; reversed in part; remanded.


LaROSE, C.J., and NORTHCUTT, J., concur.