# Third District Court of Appeal

## State of Florida

Opinion filed January 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0032
Lower Tribunal No. 20-14830
_____

**Pedro Navarro,**
Appellant,

vs.

**Citizens Property Insurance Corporation,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Giasi Law, P.A., Melissa A. Giasi, and Erin M. Berger (Tampa), for appellant.

Franklin Legal Group, P.A., Erin Zebell, Link & Rockenbach, P.A., Kara Rockenbach Link, and Daniel M. Schwarz (West Palm Beach), for appellee.

Before EMAS, HENDON, and MILLER, JJ.

MILLER, J.

Appellant, Pedro Navarro, challenges a final summary judgment rendered in favor of Citizens Property Insurance Corporation. The primary issue on appeal is whether the trial court erred in entering summary judgment on the basis that Navarro failed to overcome the presumption Citizens was prejudiced as the result of his failure to timely report his claim.[1] For the reasons that follow, we affirm the well-reasoned order under review.

## BACKGROUND

The relevant facts are undisputed. Citizens issued a homeowners policy to Navarro. The policy expressly barred any hurricane claims filed outside of a three-year window, providing, in pertinent part:

> A claim, supplemental claim, or reopened claim for loss or damage caused by the peril of windstorm or Hurricane is barred unless notice of the claim, supplemental claim, or reopened claim is given to us in accordance with the terms of the Policy within 3 years after the date the Hurricane first made landfall in Florida or the windstorm caused the covered damage.

Separately, the policy stated:

> **D. Duties After Loss**
> In case of a loss to covered property, we have no duty to provide coverage under this Policy if the failure to comply with the following duties is prejudicial to us. . . .

---

[1] We summarily affirm the remaining issues on appeal. See Umana v. Citizens Prop. Ins. Corp., 282 So. 3d 933, 934–35 (Fla. 3d DCA 2019); Lufthansa German Airlines Corp. v. Mellon, 444 So. 2d 1066, 1067 (Fla. 3d DCA 1984); Fitchner v. Lifesouth Cmty. Blood Ctrs., Inc., 88 So. 3d 269, 278 (Fla. 1st DCA 2012).

2

1.  Give prompt notice to us or your insurance agent.

In the aftermath of Hurricane Irma, Navarro sustained interior and exterior damage to his residence.  He retained a public adjuster, and two years and seven months after the storm, he reported a claim to Citizens. Citizens responded to the claim with the following reservation of rights:

> Because of the length of time that has passed between the actual date of loss and the date the loss was reported, Citizens considers this loss to be a late reported claim.  Because of lateness of the [public adjuster's] report, we must advise you that, until we can investigate all facts and circumstances surrounding your claim, it is necessary for us to handle your claim under a full *Reservation of Rights*.

Citizens assigned a field adjuster.  The field adjuster inspected the property and concluded:

> Due to the passage of time from the date of Hurricane Irma's landfall, September 10, 2017, to the inspection date, May 5, 2020, I was unable to determine if any of the exterior or interior damages [were the] result of Hurricane Irma.

> Due to the passage of time, I could not determine if the damage was the result of a single or multiple occurrences.

Citizens also requested photographs and documentary evidence from the public adjuster, without success.  Navarro did, however, tender a written proof of loss.  Citizens eventually denied the claim, asserting late notice, and Navarro filed suit.

The parties engaged in discovery. During his deposition, Navarro testified he noticed leaks throughout his residence the day after the storm struck. He further stated that he observed roof leaks and, as a result, attempted to effectuate repairs using tar approximately one month after the hurricane. He confirmed he made yet more roof repairs, including tile replacement, the following year, and his only explanation for failing to report the damages to Citizens was a lack of fluency with the terms of the policy.

Citizens moved for summary judgment on the basis that Navarro failed to promptly report the claim. Navarro opposed the motion with the affidavits of a public adjuster, roofing restoration representative, and general contractor, all of whom offered a conclusory opinion that the damage to the property resulted from hurricane-force winds generated by Irma. The trial court granted summary judgment, and Navarro unsuccessfully sought rehearing, invoking, among other grounds, a purported ambiguity between the two previously cited policy provisions. The instant appeal ensued.

## STANDARD OF REVIEW

We review an order granting final summary judgment de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). The trial court decided this case under Florida's "new" standard, where summary judgment is proper when "there is no genuine dispute as to any

4

material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). Therefore, "the correct test for the existence of a genuine factual dispute is whether 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" In re Amends. to Fla. Rule of Civ. Proc. 1.510, 317 So. 3d 72, 75 (Fla. 2021) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Put simply, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249–50 (citations omitted).

## ANALYSIS

"The purpose of a provision for notice of loss is to afford the insurer an adequate opportunity to investigate, to prevent fraud and imposition upon it, and to form an intelligent estimate of its rights and liabilities before it is obliged to pay." 13 Couch on Ins. § 186:14 (3d ed. 2022); see also Perez v. Citizens Prop. Ins. Corp., 343 So. 3d 140, 142 (Fla 3d DCA 2022). In determining whether an insured's untimely reporting of a loss is sufficient to support a denial of recovery under a policy, Florida courts have applied a two-step process. "The first step in the analysis is to determine whether . . . the notice was timely given." LoBello v. State Farm Fla. Ins. Co., 152 So. 3d 595, 599 (Fla. 2d DCA 2014). Second, "[i]f the notice was untimely, then prejudice to the insurer is presumed." Id. That presumption may

5

nevertheless be rebutted if the insured demonstrates the insurer had not been prejudiced by the untimely notice. Bankers Ins. Co. v. Macias, 475 So. 2d 1216, 1218 (Fla. 1985).

In this context, the word "prompt" is synonymous with "forthwith," "immediate," and "as soon as practicable." See Am. Fire & Cas. Co. v. Collura, 163 So. 2d 784, 792 (Fla. 2d DCA 1964). Stated differently, to satisfy the obligation to provide prompt notice, such "notice should be provided 'with reasonable dispatch and within a reasonable time in view of all of the facts and circumstances of the particular case.'" Laquer v. Citizens Prop. Ins. Corp., 167 So. 3d 470, 474 (Fla. 3d DCA 2015) (quoting Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co., 599 F.App'x 875, 879 (11th Cir. 2015)). The obligation to provide notice arises "when there has been an occurrence that should lead a reasonable and prudent man to believe that a claim for damages would arise." Ideal Mut. Ins. Co. v. Waldrep, 400 So. 2d 782, 785 (Fla. 3d DCA 1981).

In the instant case, Navarro conceded in his deposition that in the days, weeks, and months after Hurricane Irma made landfall, he noticed leaks throughout his residence. As a result, he effectuated multiple roof repairs. Nonetheless, Navarro waited two years and seven months to report the claim. Under these circumstances, it is scarcely debatable Hurricane Irma

6

constituted "an occurrence that should lead a reasonable and prudent man to believe that a claim for damages would arise." Id. Thus, Navarro failed to act "with reasonable dispatch and within a reasonable time." Laquer, 167 So. 3d at 474 (quoting Yacht Club, 599 F.App'x at 879).

We must therefore examine whether Navarro adequately rebutted the resulting presumption of prejudice. In this case, the field adjuster attested he was unable to determine the cause of the damage due to the passage of time and the attempted repairs. Navarro testified he did not retain any documentation relating to the repairs, Citizens' requests for further evidentiary support for the claim were left unfulfilled, and the affidavits submitted in opposition to the summary judgment motion offered the conclusion that hurricane-force winds caused the damage to the roof. This bare conclusion, however, was bereft of any factual support. This court has previously held that conclusory affidavits are insufficient "to rebut the presumption of prejudice . . . where the passage of time has rendered [the insurer] unable to determine exactly what current damage is directly attributable to" a storm. Hope v. Citizens Prop. Ins. Corp., 114 So. 3d 457, 460 (Fla. 3d DCA 2013). Accordingly, Navarro failed to adequately counter the presumption of prejudice. See Perez, 343 So. 3d at 141 ("[Insured's] expert investigator's report, based on an investigation conducted nearly

7

three years after the claimed date of loss, was insufficient as a matter of law to create a genuine issue of material fact to overcome the prejudice caused to Citizens. [Insured's] failure to report her loss for over two years, and only after she had conducted repairs and failed to keep any records of her claimed repair costs, rendered it impossible for Citizens to determine whether the claimed damages were a result of the claimed covered event.").

Finally, we reject the notion the policy is ambiguous. While Navarro properly asserts that ambiguities should be construed in favor of the insured, it is equally well-established that policy provisions should be harmonized and reconciled whenever feasible so as to give effect to all of them. See Cont'l Ins. Co. v. Collinsworth, 898 So. 2d 1085, 1087–88 (Fla. 5th DCA 2005); Coleman v. Valley Forge Ins. Co., 432 So. 2d 1368, 1370 (Fla. 2d DCA 1983). Only if that task proves untenable does an ambiguity arise. See Gov't Emps. Ins. Co. v. Macedo, 228 So. 3d 1111, 1113 (Fla. 2017).

In the instant policy, the first clause imposes a blanket bar on any hurricane-related claim filed beyond the three-year window. The provision is silent as to the insured's obligations for claims filed within the three-year window. Concomitantly, the second clause requires the insured to provide prompt notice of any claim. Read together, the clauses require the insured to file any hurricane-related claim within three years of the storm, and, for

8

viable claims, act swiftly upon discovering damages.  Consequently, there is no repugnancy.

Accordingly, we affirm in all respects.

Affirmed.