# Third District Court of Appeal

## State of Florida

Opinion filed January 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1385
Lower Tribunal No. 19-106-P
_____

**Monte Kennedy,**
Appellant,

vs.

**Homeowners Choice Property & Casualty Insurance Company, Inc.,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Boyle, Leonard & Anderson, P.A., Alexander Brockmeyer, and Stephen M. Smith (Fort Myers), for appellant.

Butler Weihmuller Katz Craig LLP and Mihaela Cabulea (Tampa); Kubicki Draper and Nicole L. Wulwick, for appellee.

Before EMAS, FERNANDEZ and SCALES, JJ.

PER CURIAM.

Affirmed. See Perez v. Citizens Prop. Ins. Corp., 343 So. 3d 140, 142 (Fla. 3d DCA 2022) ("The question of whether an insured's untimely reporting of loss is sufficient too result in the denial of recovery under the policy implicates a two-step analysis. If the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice." (internal citations omitted)); LoBello v. State Farm Fla. Ins. Co., 152 So. 3d 595, 600 (Fla. 2d DCA 2014) ("[I]f the undisputed evidence will not support a finding that the insured gave notice to the insurer as soon as practicable, then a finding that notice was timely given is unsupportable."); Hope v. Citizens Prop. Ins. Corp., 114 So. 3d 457, 460 (Fla. 3d DCA 2013) (finding the record did not set forth evidence sufficient to rebut the presumption of prejudice to the insurer resulting from the homeowners delayed notice of loss; the evidence was "merely conclusory and fails to rebut the presumption of prejudice to [the insurer] where the passage of time has rendered [the insurer] unable to determine exactly what current damage is directly attributable to Hurricane Wilma, and thus a covered loss.").