# Third District Court of Appeal
## State of Florida

Opinion filed February 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2202
Lower Tribunal No. 22-CA-295-K
_____

**Thomas A. Bouchard, Jr.,**
Appellant,

vs.

**Citizens Property
Insurance Corporation,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark Wilson, Judge.

Weber, Crabb & Wein, P.A., and Jeremy D. Bailie, and Sandford Blaine Kinne (St. Petersburg), for appellant.

Luks, Santaniello, Petrillo, Cohen & Peterfriend and Daniel S. Weinger (Fort Lauderdale), for appellee.

Before FERNANDEZ, LINDSEY, and MILLER, JJ.

LINDSEY, J.

Appellant, Plaintiff below, Thomas A. Bouchard, Jr. appeals from a Final Summary Judgment entered in favor of Appellee, Defendant below, Citizens Property Insurance Corp. The trial court determined that Bouchard's notice of claim, which was filed over 13 months after Bouchard became aware of property damage allegedly caused by Tropical Storm Eta, was untimely. The trial court further determined that Bouchard failed to rebut the resulting presumption of prejudice. The only issue before us is whether the trial court erred in determining that Bouchard did not rebut the presumption of prejudice. Because the court did not err, we affirm.

## I. BACKGROUND

This breach of insurance contract case arises from Bouchard's allegations that his home in Key West was damaged by Tropical Storm Eta on November 8, 2020. The following facts are undisputed. At the time of the storm, Bouchard was insured under a Citizens residential insurance policy. He noticed water leaking through his roof on the day of the storm. Despite observing leaks during the storm, Bouchard waited over 13 months, until December 22, 2021, to submit a Sworn Proof of Loss to Citizens.[1] Bouchard did not submit an estimate until February 16, 2022.

---

[1] In his deposition, Bouchard explained that he waited over a year to report the damage because "it's almost how long it took my divorce, and I didn't want to make a claim on the home when I didn't know if it was going to be my home."

2

Citizens' field adjuster inspected the property on January 20, 2022. On February 15, 2022, Citizens denied Bouchard's claim for failure to timely report the loss:

> Based on all of the information gathered to date, there is insufficient evidence to substantiate a loss related to Wind - TS ETA on 11/08/2020.
>
> Citizens' ability to evaluate this claim has been prejudiced due to failure to report this loss in a timely manner; therefore, the claimed loss is excluded from coverage under the policy.

Citizens' denial letter also referenced the "Conditions" section in the policy, which imposes a duty on the insured to provide prompt notice.

In April 2022, Bouchard sued Citizens for breach of the insurance policy. Citizens moved for summary judgment, arguing that due to Bouchard's delay in reporting the loss, Citizens was presumed prejudiced, and that Bouchard could not rebut said presumption. In response, Bouchard argued that factual questions existed as to the timeliness of the notice and whether Citizens was prejudiced. In support of rebutting the presumption of prejudice, Bouchard attached a June 2023 Affidavit prepared by a licensed engineer stating that Tropical Storm Eta caused the reported damage. The relevant portion of the Affidavit is as follows:

> Pursuant to my investigation, it is my conclusion and professional opinion that Tropical Storm ETA, which affected the State of Florida between the dates of November 7, 2020, and

3

> November 12, 2020, is the proximate weather event that caused the damages documented during the field walk-thru to the subject property.

The Affidavit referenced and purported to attach an Engineering Report; however, the Report was not attached.

The trial court conducted a hearing on Citizens' motion. At the beginning of the hearing, the court determined that "Bouchard was aware of [the loss] at the time of the storm and he didn't report it to the insurance company for 13 and a half months, it would seem to me, as a matter of law, that's not prompt notice." The primary focus of the hearing was whether Bouchard rebutted the presumption of prejudice that resulted from the untimely notice. Counsel for Bouchard initially relied on the Engineer's Affidavit. When the trial court pointed out that the Affidavit—prepared two and a half years after Tropical Storm Eta—appeared conclusory, counsel for Bouchard attempted to rely on the Engineering Report, which had not been provided to the court or to opposing counsel.

The trial court granted Citizens' Motion for Summary Judgment, concluding that Bouchard's "notice of claim was untimely and that he failed to adequately rebut the presumption of prejudice resulting from the untimely notice." Bouchard filed the missing Engineering Report and moved for

rehearing.[2]   The court entered a detailed order denying rehearing and concluding that the Report, like the Affidavit, was conclusory.   Bouchard timely appealed.[3]

## II.    ANALYSIS

We review orders granting final summary judgment de novo.  See, e.g., Bejarano v. City of Coral Gables, 300 So. 3d 712, 713 (Fla. 3d DCA 2019). "[A] lower court's ruling on the legal sufficiency of an affidavit is also reviewed de novo."  United Auto. Ins. Co. v. Progressive Rehab. & Orthopedic Servs., LLC, 324 So. 3d 1006, 1008 (Fla. 3d DCA 2021).

"The purpose of a provision for notice and proofs of loss is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it." Perez v. Citizens Prop. Ins. Corp., 343 So. 3d 140, 142 (Fla. 3d DCA 2022) (quoting State Farm Mut. Auto. Ins. Co. v. Ranson, 121 So. 2d 175, 180 (Fla. 2d DCA 1960), overruled in part on other grounds, Am. Fire & Cas. Co. v. Collura, 163 So. 2d 784, 793–94 (Fla. 2d DCA 1964)).

---

[2] Citizens did not object to Bouchard filing the Engineering Report.

[3] Bouchard appealed before the trial court ruled on his Motion for Rehearing. Consequently, this Court held the appeal in abeyance for the trial court to adjudicate the pending motion.  See Fla. R. App. P. 9.020(h)(2)(C).

5

Issues related to timely reporting a loss are reviewed under a two-part analysis. Navarro v. Citizens Prop. Ins. Corp., 353 So. 3d 1276, 1279 (Fla. 3d DCA 2023). The first step is to determine whether notice was timely. Id. Though timeliness was at issue below, on appeal, Bouchard does not contest the trial court's determination that notice was untimely. If notice is untimely, a rebuttable presumption of prejudice to the insurer arises and the analysis proceeds to the second step. See, e.g., LoBello v. State Farm Fla. Ins. Co., 152 So. 3d 595, 599 (Fla. 2d DCA 2014). The second step is to determine whether the insurer satisfies the burden of overcoming this presumption of prejudice. Id.

In support of his argument rebutting the presumption of prejudice, Bouchard primarily relies on Shapiro v. First Protective Insurance Co., 359 So. 3d 777 (Fla. 4th DCA 2023), which he claims is "nearly identical to the facts of this case." We disagree; the facts in Shapiro are materially distinguishable. In Shapiro, the insured homeowners alleged that their roof was damaged during Hurricane Irma in September 2017. Id. The homeowners first noticed their roof was leaking in May 2018, and they immediately hired a contractor to make repairs. Id. After several failed attempts to repair the roof, the contractor told the homeowners that the roof would need to be replaced. Id.

6

In September 2020, the homeowners submitted a claim to the insurer. Id. The insurer's adjuster suggested that the insurer send an engineer to inspect the property, which the insurer did not do. Id. The insurer denied coverage for failure to timely report the loss, and the homeowners sued. Id.

The homeowners submitted an engineer's affidavit to rebut the presumption of prejudice. Id. at 780. The affidavit stated that "the roofing system has *more likely than not* sustained direct roof and interior damage as a direct result of the powerful winds, wind-borne debris and heavy rainfall during . . . Hurricane Irma." Id. (emphasis added). Importantly, the affidavit explained why the damage was not likely caused by other storms:

> My inspection and review of the photographs did not demonstrate dull and rounded edges at the roof tile cracks consistent with being caused by other windstorm events that pre-date Hurricane Irma. Also, the water damage observed to the underside of the roof decking in the attic did not reveal the heavy dark rot deterioration that would be consistent with being caused by other windstorm events that pre-date Hurricane Irma.

Id. at 780-81.

The Fourth District concluded that the affidavit was sufficient to create issues of material fact as to whether the homeowners could overcome the presumption of prejudice. Id. at 782.

Here, Bouchard argues that the Engineer's Affidavit and Report similarly rebut the presumption of prejudice. With respect to the Affidavit, the

7

trial court correctly determined that it was conclusory. The Affidavit simply states that the claimed damage was caused by Tropical Storm Eta and contains no chain of reasoning to support this conclusion. See Gonzalez v. Citizens Prop. Ins. Corp., 273 So. 3d 1031, 1037 (Fla. 3d DCA 2019) ("[N]o weight may be accorded [to] an expert opinion which is totally conclusory in nature and is unsupported by any discernible, factually-based chain of underlying reasoning . . . ." (quoting Div. of Admin. v. Samter, 393 So. 2d 1142, 1145 (Fla. 3d DCA 1981))); see also Perez v. Citizens Prop. Ins. Corp., 343 So. 3d 140, 143 (Fla. 3d DCA 2022).

Although the Engineer's Report is more detailed than the Affidavit, we hold that the trial court did not err in determining that the Report was also too conclusory to survive summary judgment. The Report, which was prepared in May 2023, concludes that Tropical Storm Eta was "the credible event responsible for the storm damages." However, as the trial court correctly observed, the Report does not address the possibility of alternative causes. In describing the various types of damage, the Report simply states that the damage is "consistent with" Tropical Storm Eta. But the Report does not address the likelihood that Tropical Storm Eta was responsible for the damage, nor does it explain why the damage was not likely caused by other storm events before or after Eta.

8

As the trial court's detailed and specific order denying rehearing more fully explains:

> Most of the report simply recounts the damage observed during a field walkthrough conducted on April 28, 2023-over 29 months after Tropical Storm Eta. In the "Conclusions" section, it states, "Tropical Storm ETA, which affected the State of Florida between the dates of November 7, 2020, and November 12, 2020, is the proximate weather event that caused the damages documented during the field inspection to the subject property." This is a near identical restatement of the conclusion in his affidavit.
> . . .
>
> . . . .
>
> The report never addressed why it is more likely than not that the damage to plaintiff's home was caused by Tropical Storm Eta rather than some other weather event, either before or since. . . . And there *were* intervening weather events in the Lower Florida Keys between November 2020 and April 2023. At the summary judgment hearing, the Court raised the example of Hurricane Ian, which caused conspicuous damage in the Lower Keys when it passed through on its way to devastate Southwest Florida in September 2022. There were other preceding and intervening weather events, too.

(Citation and footnote omitted).

Accordingly, because both the Engineer's Affidavit and Report are conclusory, the trial court did not err in granting final summary judgment in favor of Citizens.

Affirmed.

9